**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1365-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ROBERT LEE EDWARDS,

      Defendant-Appellant.

_____

        Submitted December 6, 2018 – Decided December 18, 2018

        Before Judges Simonelli and O'Connor.

        On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 89-02-0257.

        Robert Lee Edwards, appellant pro se.

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert Lee Edwards appeals from the September 22, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 1990, defendant pled guilty to first-degree kidnapping, N.J.S.A. 2C:13-1(b); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); two counts of first-degree robbery, N.J.S.A. 2C:15-1; and two counts of second-degree burglary/attempted burglary, N.J.S.A. 2C:18-2. On August 31, 1990, the trial court imposed an aggregate sixty-year term of imprisonment with a thirty-year period of parole ineligibility. Defendant appealed his sentence, and we affirmed. State v. Edwards, No. A-1046-90 (App. Div. May 16, 1991). The Supreme Court denied certification. State v. Edwards, 126 N.J. 339 (1991).

This appeal involves the denial of defendant's eleventh PCR petition. In his petition, filed on January 21, 2017, defendant argued the court should grant him the same relief as in State v. Bellamy, 178 N.J. 127 (2003), namely the withdrawal of his guilty plea, because he was unaware of the possibility of civil commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to 27.38, and the State defrauded him by allowing him to plead guilty without knowledge of the possibility of civil commitment. The PCR court

denied the petition as time-barred under Rule 3:22-12(a)(2), and procedurally barred under Rule 3:22-4 and Rule 3:22-5. On appeal, defendant reiterates the argument made to the PCR court.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). However, where no evidentiary hearing was conducted, we "may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). We also review de novo the trial court's conclusions of law. Ibid.

We have reviewed defendant's argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the PCR court. However, we make the following brief comments.

The Court decided Bellamy in 2003, thirteen years after defendant pled guilty and fourteen years before he filed his eleventh PCR petition. As to retroactivity, the Court held:

> the rule announced in today's decision-that prior to accepting a guilty plea to a predicate offense, trial

courts must inform defendants of possible consequences under the [SVPA]-shall be applied in this case and those cases pending in which the defendant has not yet exhausted all avenues of direct review.

[178 N.J. at 143.]

By 2003, defendant had exhausted all avenues of direct appeal. Accordingly, defendant is not entitled to retroactive relief under Bellamy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1365-17T1